# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

CIVIL ACTION NO. 18-1-DLB

FRED MILES THOMPSON                                                       PETITIONER

VS.                     **MEMORANDUM OPINION AND ORDER**

J. RAY ORMOND, Warden                                      RESPONDENT

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Federal inmate Fred Miles Thompson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). This matter is before the Court to conduct an initial screening of Thompson's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In March 2012 a grand jury in Fargo, North Dakota issued an indictment charging Thompson with conspiracy to possess with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 846 and to using a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). The government later filed a notice pursuant to 21 U.S.C. § 851 that Thompson was subject to an enhanced mandatory minimum sentence in light of his six prior convictions for drug trafficking crimes or crimes of violence.

Thompson subsequently reached an agreement with the government to plead guilty to both charges. As part of that agreement, Thompson acknowledged that he faced a combined statutory minimum of twelve years imprisonment and a combined maximum of life plus 40 years imprisonment. Thompson further expressly waived his right to file a

direct appeal or to collaterally attack his conviction or sentence upon any ground, save upon ineffective assistance of counsel.

At the sentencing hearing, defense counsel conceded that Thompson qualified as a career offender under § 4B1.1(a) of the Sentencing Guidelines, but argued that the resulting sentence would be excessive. Nonetheless, in January 2013 the trial court sentenced Thompson to 480 months imprisonment on the conspiracy count and to a consecutive term of life imprisonment on the § 924(c) conviction. *United States v. Thompson*, No. 3:12-CR-29-DLH-1 (D.N.D. 2012). The Eighth Circuit affirmed on direct appeal, rejecting Thompson's assertion that his assent to the appeal waiver was not knowing and voluntary. *United States v. Thompson*, 770 F. 3d 689 (8th Cir. 2014).

In May 2015, Thompson filed a motion to vacate pursuant to 28 U.S.C. § 2255 in which he asserted that the trial judge had improperly participated in plea negotiations and that his counsel was constitutionally ineffective by failing to object to that participation, the former argument having been considered and rejected by the Eighth Circuit on direct appeal. The trial court rejected the first argument as procedurally improper and the second argument as without merit. The Eighth Circuit affirmed in September 2017. *Thompson v. United States*, 872 F. 3d 560 (8th Cir. 2017).

In his present petition under § 2241, Thompson repeats his assertion that his trial counsel provided constitutionally ineffective assistance. (Doc. # 1 at 5-6). Indeed, the memorandum he filed to support his petition (Doc. # 1-1 at 2-11) is merely a copy of the petition for rehearing his counsel filed with the Eighth Circuit on October 2, 2017.

The Court must deny Thompson's petition because his ineffective assistance claim under *Strickland v. Washington*, 466 U.S. 668 (1984), is not cognizable in a habeas

corpus petition under § 2241.  A federal prisoner challenging the legality of his federal conviction or sentence must generally do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).  A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255.  *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Thompson's claim that his right to effective assistance of counsel, guaranteed by the Sixth Amendment, is a constitutional claim of ordinary trial error which can, and therefore must, be pursued on direct appeal or in an initial motion under § 2255.  *Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003) (claim under *Strickland* that counsel was ineffective may not be pursued under § 2241); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014) (habeas petition under § 2241 is not the proper vehicle to assert claims of prosecutorial misconduct, ineffective assistance of counsel, and lack of probable cause for warrant).  Because Thompson's remedy under § 2255 is not "inadequate and ineffective" to assert this claim, resort to § 2241 is impermissible.

Accordingly, it is **ORDERED** as follows:

(1)     Fred Miles Thompson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2)     This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(3)     The Court shall enter a Judgment contemporaneously with this Memorandum Opinion and Order.

This 6th day of January, 2018.



Signed By:
*David L. Bunning*  DB
United States District Judge

K:\DATA\ORDERS\ProSe\Thompson 18-1-DLB Memorandum RBW.docx